UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 4:14-10064-CIV-KING

AVELINO BARTOLON-PEREZ
and all others similarly situated,

    Plaintiff,

vs.

ISLAND GRANITE & STONE, INC.
and JONATHAN BURNS,

    Defendants.
_____/

## ORDER GRANTING SUMMARY JUDGMENT IN PART

THISE CAUSE comes before the Court upon Magistrate Judge Edwin G. Torres's Report and Recommendation ("R&R") (DE 95), wherein Judge Torres recommends granting summary judgment in favor of Defendants on Plaintiff's Count II (Retaliation). Plaintiff filed Objections (DE 96) to the R&R, and Defendants responded (DE 99).

The facts of this case are more fully set forth in Judge Torres's R&R (DE 95) and in this Court's Order Granting Defendants' Motion for Summary Judgment on Count I (DE 93). What remains to be determined is whether Plaintiff has shown enough facts which, if credited by the factfinder, are sufficient to sustain his claim for unlawful retaliation. Upon a de novo review of those portions of the R&R to which Plaintiff objected, this Court concludes that he has—but only with respect to *some* of Defendants' actions. Therefore, this Court affirms and adopts the R&R only in part.

Plaintiff's claim for retaliation is brought under the Fair Labor Standards Act, under which employers may not "discharge **or in any other manner discriminate** against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . ." 29 U.S.C. § 215(a)(3) (emphasis added). In 2006, the Supreme Court concluded that the similar anti-retaliation provision of Title VII "does not confine the actions and harms it forbids to those that are related to employment or occur at the workplace." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006).

> [T]he provision covers those (and only those) employer actions that would have been materially adverse to a reasonable employee or job applicant. In the present context that means that the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination.

*Id.* In this case, Plaintiff relies almost exclusively on his affidavit to defend against summary judgment. He swears that

> within approximately twenty (20) days of when Defendants were served with my overtime complaint, I was approached by Tony Beccari . . . . Beccari told me that Defendant Burns and Edward Gregor had discussed the matter and that Tony Beccari was acting as per instructions received by Defendants. Tony Beccari, as instructed by Defendants, attempted to persuade me to accept a settlement of my overtime case by Defendants, including paying me for a one-way ticket to return to my country of origin, Mexico. . . . Tony Becarri informed me that the payroll company had found out about the overtime wage lawsuit filed against Defendants that had been served on Defendants. Tony Becarri informed me that the payroll company had been told that the social security number I was using was fake and as a result I would be fired . . . .
> . . . .
> Tony Becarri again approached me . . . telling me that I should be afraid because Edward Greger [sic] (one of the owners) had the ability to call immigration on me and have me deported.

DE 83-2, at 2–3. Thereafter, on May 15, 2015, Defendant Burns asked Plaintiff (and all other employees) to fill out an Employment Eligibility Verification USCIS Form I-9 (DE 65-1, at 2 ¶ 3), which would have implicated Plaintiff's immigration status. Plaintiff swears that he told Defendants of his immigration status before Defendants hired him. DE 83-2, at 2–3.

On summary judgment, the Court may not undertake the jury's function of weighing the evidence or undertaking credibility determinations. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010). If credited by the factfinder, Plaintiff's affidavit shows (1) that Defendants knew of Plaintiff's immigration status before he filed this FLSA action; (2) that approximately one month after service, Plaintiff's supervisor, at the instruction of Defendants, encouraged Plaintiff to settle the FLSA suit, which proposed settlement would include "a one-way ticket" to Mexico; (3) that thereafter Plaintiff's supervisor warned Plaintiff of Gregor's ability to have Plaintiff deported; and (4) that thereafter Defendants demanded Plaintiff fill out an I-9 form, which would have implicated Plaintiff's immigration status. If credited by the factfinder, the above disputed facts are sufficient to sustain a finding that Defendants' actions "could well dissuade a reasonable worker" in Plaintiff's circumstances from "making or supporting" a FLSA action, *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 57, and that any legitimate, non-discriminatory reasons therefore were pretext for unlawful retaliation.

Despite Plaintiff's showing with respect to Defendants actions described above, Plaintiff has failed to establish a prima facie case that his *termination* constituted unlawful retaliation. It is undisputed that Plaintiff walked off the job, never to return, after Defendants demanded that he fill out the I-9 form. It is undisputed that Defendants waited several weeks after that before terminating Plaintiff. Under these circumstances, Plaintiff has failed to show

causation. *Cf. Burnette v. Northside Hosp.*, 342 F. Supp. 2d 1128, 1139 (N.D. Ga. 2004) ("'[W]hen an employee voluntarily quits under circumstances insufficient to amount to a constructive discharge, there has been no adverse employment action.'") (alteration in original) (quoting *Hartsell v. Duplex Products, Inc.*, 123 F.3d 766, 775 (4th Cir. 1997)). Defendants' motion for summary judgment must be granted as to that part of Plaintiff's Count II that seeks to recover for unlawful retaliation based on his termination.

Therefore, it is **ORDERED, ADJUDGED, and DECREED**:

1. Plaintiff's Objections **(DE 96)** to the Report and Recommendation be, and the same are, hereby **SUSTAINED IN PART**.

2. The Report and Recommendation **(DE 95)** be, and the same is, hereby **AFFIRMED AND ADOPTED IN PART** as an Order of this Court.

3. Defendants' Motion for Partial Summary Judgment on Count II of the amended Complaint **(DE 65)** be, and the same is, hereby **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to that part of Plaintiff's Count II that seeks to recover for unlawful retaliation based on Plaintiff's termination. In all other respects it is denied.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 11th day of May, 2015.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record

Judge Torres